IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


CEC ENTERTAINMENT, INC.,                    No. 2:06-CV-0639 JAM EFB

          Plaintiff,            ORDER DENYING VINTAGE DRYWALL'S
                                MOTION TO ENLARGE TIME TO
     v.                         DISCLOSE EXPERT REPORT


KOBRA PROPERTIES and STONEGATE
CONSTRUCTION, INC.,

          Defendants.
_____

AND RELATED CROSS-ACTIONS.
_____/

     The matter before the Court is third-party defendant

Vintage Drywall's motion to enlarge the time in which to

disclose an expert report.  Vintage Drywall seeks an order

modifying the pretrial scheduling order ("Scheduling Order") to

extend the expert disclosure deadline from December 3, 2007 to

September 10, 2008 in order to disclose an expert report that

was not included with its expert disclosure made on November 28,

2007.  Defendant Stonegate Construction, Inc. ("Stonegate") and

1

third-party defendant Custom Spray Systems, Inc. ("Custom Spray") oppose the motion.  For the reasons set forth below, Vintage Drywall's motion is DENIED.[1]

I.

A.   Legal Standard

Because Vintage Drywall failed to submit an expert report in a timely manner, it must obtain a modification of the Scheduling Order in order to avoid exclusion of expert testimony.  A district court's pretrial scheduling order shall not be modified absent a showing of "good cause."  Fed.R.Civ.P. 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' "  Johnson, 975 F.2d at 609 (quoting Fed.R.Civ.P. 16 advisory committee's note (1983 amendment)).  The focus of the inquiry is on the moving party's reasons for seeking modification, not the prejudice caused to the party opposing the modification.  Id.  If the moving party is not diligent, the inquiry ends.  Id.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

2

To demonstrate diligence, the moving party may be required to show: (1) that it was diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment of the scheduling order.  <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999).  Finally, the Ninth Circuit has stated that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  <u>Johnson</u>, 975 F.2d at 609.

B.   <u>Opinion</u>

Vintage Drywall offers several justifications for its request to extend the expert disclosure deadline from December 3, 2007 to September 10, 2008 in order to disclose an expert report that was not included with its expert disclosure made on November 28, 2007.[2]  First, Vintage Drywall asserts that it was

---

[2] The Court notes that Vintage Drywall's motion does not address Rule 16(b)'s "good cause" requirement.  Instead, the motion seeks an order enlarging the time in which to disclose an expert report pursuant to Rule 6 of the Federal Rules of Civil Procedure.  Vintage Drywall argues that its oversight in failing to timely produce an expert report constitutes excusable neglect under Rule 6(b).

3

unable to timely produce the expert report due to the expert's unanticipated work and family obligations and travel.  Second, Vintage Drywall asserts that it did not attempt to disclose the expert report until July 23, 2008, nearly 8 months after the expert disclosure deadline, because it had been participating in mediation and hoped that it would settle out of the case.  The Courts finds that Vintage Drywall has not demonstrated the requisite good cause to warrant modifying the Scheduling Order to extend the time to disclose an expert report.  Specifically, Vintage Drywall failed to demonstrate diligence in complying with the Scheduling Order's expert disclosure deadline or in seeking to amend the Scheduling Order once it became apparent that they could not comply with the order.  For instance, Vintage Drywall did not articulate a persuasive explanation as to why the expert report was not completed before the expert disclosure deadline.  Vintage Drywall's claim that the expert report could not be timely completed due to the expert's unanticipated work and family obligations and travel is supported only by counsel's declaration rather than a declaration from the expert.  In addition, Vintage Drywall did not articulate a persuasive explanation as to why an extension of time was not sought earlier.  Indeed, requesting the Court to modify the Scheduling Order to extend the expert disclosure deadline approximately eight months after the deadline does not

constitute diligence.  Vintage Drywall's participation in

mediation and expectation of settling out of the case does not

amount to good cause justifying its failure to seek leave to

modify the Scheduling Order at an earlier date.  To the extent

Vintage Drywall asserts that it overlooked its responsibility to

disclose the expert report, the Court finds that this excuse

amounts to nothing more than carelessness.  As such, this excuse

is not a sufficient reason to grant the relief requested by

Vintage Drywall.  See Johnson, 975 F.2d at 609 (carelessness is

not compatible with a finding of diligence and offers no reason

for a grant of relief).  Accordingly, there exists no

substantial justification for Vintage Drywall's failure to

disclose the expert report as required by the Scheduling Order.

As a result, the expert testimony may be introduced only if

Vintage Drywall's failure to disclose the required information

is "harmless."  See Fed.R.Civ.P. 37(c)(1) (explaining that

information may be introduced if the failure to disclose was

substantially justified or harmless); Yeti by Molly, Ltd. v.

Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).  The

burden is on Vintage Drywall to prove harmlessness.  Id. at

1107.[3]  In this regard, Vintage Drywall argues that its failure

---

[3] Rule 26 of the Federal Rules of Civil Procedure governs
the disclosure of expert testimony.  Pursuant to Rule
26(a)(2)(A), parties must disclose any person who may provide

to disclose the expert report is harmless for the following reasons: (1) the identity of its expert was disclosed in November 2007, including his qualifications and a brief description of the testimony he would provide and the information he would base it on; (2) the expert report was produced to all parties on July 23, 2008, eight days before the discovery cut-off date; (3) the parties have agreed to complete other expert depositions after the discovery cut-off date; (4) the other parties will not suffer prejudice because the trial is not scheduled until December 8, 2008; and (5) it is unlikely that rebuttal expert reports will be necessary in response to the expert report.  In addition, Vintage Drywall argues that the Court should allow the expert report to be introduced because without the report its ability to defend against this action will be substantially impaired insofar as the expert's testimony is critical to establishing whether or not its work was the cause of the underlying damages alleged by plaintiff.  Stonegate

---

expert testimony during trial.  If the party specifically employed or retained the witness to give expert testimony in the case the expert disclosure must include a report by the witness.  See Fed.R.Civ.P. 26(a)(2)(B).  The court directs the timing and sequence of expert disclosures.  See Fed.R.Civ.P. 26(a)(2)(C). Rule 37(c)(1) provides, in part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The exclusion sanction is "self-executing" and "automatic".  See Fed.R.Civ.P. 37(c) advisory committee's note (1993 Amendments).

and Custom Spray counter by arguing that Vintage Drywall's failure to disclose the expert report cannot be considered harmless because (1) the deadline for completion of discovery passed on July 31, 2008; (2) Stonegate and Custom Spray will not have the opportunity to supplement their own expert disclosures or retain rebuttal experts as these deadlines have long past; and (3) Vintage Drywall's untimely disclosure has denied Stonegate and Custom Spray the opportunity to depose the expert prior to the pre-trial dispositive motion deadline.

Vintage Drywall has failed to satisfy its burden of proof. It has not adequately demonstrated that Stonegate and Custom Spray would not be prejudiced by not having the opportunity to rebut Vintage Drywall's expert's testimony or depose the expert before the pre-trial dispositive motion deadline.  The time for discovery and supplemental expert reports has passed.  Moreover, the hearing on this motion was set for September 3, 2008, the dispositive motion deadline.  Thus, allowing Vintage Drywall to disclose the expert report at this stage of the litigation would require the Court to extend the other deadlines in the Scheduling Order, including the supplemental expert disclosure deadline, the discovery deadline and the dispositive motion deadline.  As such, Vintage Drywall's failure to comply with this Court's Scheduling Order and the Federal Rules of Civil Procedure cannot be said to be harmless.  Accordingly, Vintage

Drywall's motion to enlarge the time in which to disclose an expert report is denied.  Vintage Drywall's untimely disclosure was neither substantially justified nor harmless, and therefore Rule 37(c)(1)'s automatic exclusion applies.

II.

For the reasons set forth above, Vintage Drywall's motion is DENIED.

IT IS SO ORDERED.

Dated: September 17, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE