IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEC ENTERTAINMENT, INC.,

    Plaintiff,

  v.

KOBRA PROPERTIES and STONEGATE CONSTRUCTION, INC.,

    Defendants.
_____/

No. 2:06-cv-639 JAM EFB

ORDER DENYING CUSTOM SPRAY SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT

    CEC Entertainment, Inc. ("CEC") brought this action against Kobra Properties ("Kobra") and Stonegate Construction, Inc. ("Stonegate") for breach of contract, declaratory relief, and negligence arising from construction of a commercial property. Kobra and Stonegate filed a third-party complaint against Custom Spray Systems, Inc. ("Custom Spray") along with other parties. Only the following claims were directed at Custom Spray: comparative negligence, equitable indemnity, breach of contract, contribution, and indemnity. Custom Spray moved for summary judgment on Kobra and Stonegate's claims. Kobra and Stonegate opposed the motion. This Court heard argument on the motion on

October 15, 2008.  For the reasons stated below, Custom Spray's motion is DENIED.

BACKGROUND

CEC and Kobra entered into a contract to construct a commercial building in Roseville, California.  Kobra agreed to construct the building shell, while CEC was to construct the tenant improvements.  Kobra engaged Stonegate as the general contractor to construct the building shell.

On or about March 10, 2005, the City of Roseville Building Department informed Stonegate that it needed to apply fire resistant material to the roof ceiling deck of the building shell.  Statement of Undisputed Facts ("SUF") ¶ 1.  At that stage of construction, some of the tenant improvements had already been installed.  Id. ¶ 2.  Stonegate contracted with Custom Spray to apply the required fireproofing.  Id. ¶ 3.  Fireproof spray is applied by pumping a dry cement mixture, under pressure, through a hose where it is mixed with water and emitted through a nozzle at the end of a long wand.  Id. ¶ 4.  CEC alleges that its tenant improvements, including the stage, carpets, interior trim, lighting, drop ceiling, and ceiling tiles, were damaged by the spray-on fireproofing.  Second Amended Complaint ¶ 35.  CEC also alleges that pieces of fireproofing delaminated and fell from the roof, through the ceiling tile, and onto the floor of the premises.  Id. ¶¶ 38-39.

On June 1, 2007, CEC filed its Second Amended Complaint against Stonegate and Kobra.  Docket at 45.  On June 22, 2007, Stonegate and Kobra filed their Amended Third Party Complaint, naming, amongst others, Custom Spray.  Docket at 50.

OPINION

Rule 56 allows a party to seek summary judgment when there is "no genuine issue as to any material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  All of the claims for relief asserted against Custom Spray are premised on a form of implied indemnity.  It is undisputed that Custom Spray is only required to indemnify Stonegate and Kobra if it is liable for the damages sustained by CEC.  Custom Spray argues that it is not liable for the damage to the tenant improvements.  Custom Spray bases its argument on two main facts: 1. Stonegate agreed to undertake protection of the tenant improvements, and 2. Custom Spray cannot be liable for delamination because the cause cannot be established.  However, both of these facts remain in dispute.

Custom Spray alleges that Stonegate "agreed to undertake protection of all the interior tenant improvements by covering them with plastic and agreed to clean up after the fireproof spray was applied."  SUF ¶ 6.  Stonegate and Kobra dispute this allegation.  Furthermore, the contract between the parties does not require Stonegate to protect tenant improvements.  In fact, the contract states that Custom Spray's work included the

responsibility to "[p]rotect adjacent buildings and/or other trades work, as necessary, from being damaged or altered while performing work scope." Blakemore Decl. Ex. 11.

Custom Spray alleges that Stonegate's obligation to protect the tenant improvements arose from conversations it had with Stonegate prior to the signing of the written agreement. Custom Spray also notes that the fact that Stonegate attempted to protect the tenant improvements is evidence of this obligation. California law is clear, however, that a written contract "supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." Cal. Civ. Code § 1625. See also Cal. Civ. Code § 1639; Cal. Code of Civ. Pro. § 1856. "Extrinsic evidence cannot be admitted to prove what the agreement was, not for any of the usual reasons for exclusion of evidence, but because as a matter of law the agreement is the writing itself. Such evidence is legally irrelevant and cannot support a judgment." Casa Herrera, Inc. v. Beydoun, 32 Cal.4th 336, 344 (2004). Furthermore, courts may not consider evidence that is at "variance with the written agreement." Id. Parol evidence may only be admitted when there is evidence that the contract is not a complete and final embodiment of the agreement. Sullivan v. Massachusetts Mut. Life Ins. Co., 611 F.2d 261, 264 (9th Cir. 1979).

Custom Spray argues that parol evidence rule does not apply to Stonegate's alleged agreement to protect tenant improvements because it represents a consistent additional term.  However, finding that Stonegate had the exclusive obligation to protect tenant improvements contradicts Custom Spray's obligation to protect other trades work found in the contract.  Furthermore, even if the Court were to consider parol evidence, there would exist disputed material facts as to what specifically had been agreed upon by the parties, including whether Stonegate or Kobra had agreed to assume liability for damage to the tenant improvements.  A disputed material fact exists as to whether Custom Spray had an obligation to protect the tenant improvements from damage.

Custom Spray also argues that because CEC's experts could not identify a single cause of delamination of the fireproofing, Stonegate and Kobra cannot show that Custom Spray caused the damage through its negligence.  However, Custom Spray could still be liable if Kobra and Stonegate can demonstrate that multiple causes concurrently caused delamination and that Custom Spray was responsible for even one of the causes.  See Doupnik v. GM Corp., 225 Cal. App. 3d 849, 866 (Cal.App.3d Dist. 1990). Because an expert identified lack of bonding agent and water-rich material as causes of delamination, a jury could conclude that these factors concurrently caused delamination.  See

Markham Decl. Ex. 1.  A jury could further conclude that application of water-rich material or the lack of a bonding agent was due to Custom Spray's negligence.  <u>Jones v. Ortho Pharm. Corp.</u>, 163 Cal. App. 3d 396, 403 (Cal.App.2d Dist. 1985), relied upon by Custom Spray, is distinguishable.  In that case, Plaintiffs claimed that an oral contraceptive caused cancer.  The court noted that because there are infinite causes of cancer, an expert could not say with certainty that the particular drug was the cause.  In this case, an expert has identified four potential contributing factors to delamination.  Because a jury could find that Custom Spray's negligence concurrently caused delamination of the fireproofing material, Kobra and Stonegate's claim survives summary judgment.

   The Court need not separately determine whether the Kobra and Stonegate's implied indemnity claim could go forward based on a breach of contract theory.  Both the negligence and breach of contract claims are claims for implied indemnity, and both turn on the issue of whether Custom Spray could be found liable for the damage to CEC's tenant improvements.  Because the Court found that Custom Spray could be found to be liable for the damage to CEC's tenant improvements, the implied indemnity action can go forward, whether framed as a breach of contract or as negligence.  Accordingly, summary judgment is not appropriate.

ORDER

For the reasons stated above, Custom Spray's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

Dated: October 22, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE