IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEC ENTERTAINMENT, INC., § <br> § <br> Plaintiff, § <br> § <br> § <br> § <br> § <br> v. § <br> § <br> § <br> § <br> § <br> § <br> KOBRA PROPERTIES and STONEGATE § <br> CONSTRUCTION, INC., § <br> § <br> § <br> Defendants. § <br> § <br> § <br> § | CASE NO. 2:06-CV-00639-JAM-EFB <br><br><br><br><br><br> **ORDER REGARDING KOBRA PROPERTIES' MOTION FOR SUMMARY ADJUDICATION** |

Before the Court are (1) Kobra Properties' Notice of Motion and Motion for Summary Adjudication by Kobra against CEC filed on September 3, 2008; (2) Kobra Properties' Memorandum of Points and Authorities in Support of Motion for Summary Adjudication of Claims filed on September 3, 2008; (3) Kobra Properties' Separate Statement of Undisputed Material Facts in Support of Defendant Kobra's Motion for Summary Adjudication against CEC filed on September 3, 2008; (4) Declaration of Patrick T. Markham in Support [of] Motions for Summary Adjudication filed on September 3, 2008; (5) Declaration of Abe Alizadeh in Support of Motions for Summary Adjudication filed on September 3, 2008; (6) CEC Entertainment, Inc.'s Memorandum of Points and Authorities in Support of Opposition to Kobra Properties' Motion for Summary Adjudication filed on September 17, 2008; (7) CEC Entertainment, Inc.'s Response to Kobra Properties' Statement of Undisputed Material Facts and Additional Statement of Disputed Material Facts Precluding Summary Adjudication filed on September 17, 2008; (8)

PDF created with pdfFactory trial version www.pdffactory.com

Declaration of Boyd A. Mouse in Support of CEC Entertainment, Inc.'s Opposition to Kobra Properties' Motion for Summary Adjudication filed on September 17, 2008; (9) Declaration of Don McKechnie in Support of CEC Entertainment, Inc.'s Opposition to Kobra Properties' Motion for Summary Adjudication filed on September 17, 2008; (10) Reply of Kobra Properties in Support of Motion for Summary Adjudication filed on October 2, 2008; and (11) Kobra Properties' Objection to Evidence and Response to CEC's Additional Statement of Undisputed Material Facts filed on October 2, 2008.

On October 15, 2008, the Court held an oral hearing on the foregoing. Upon consideration of the foregoing, the arguments of counsel, and the applicable law, the Court enters the following order.

In April 2004, CEC, as the tenant, and Kobra, as the landlord, entered into a Lease Agreement (the "Lease") regarding the construction and operation of a Chuck E. Cheese's restaurant in Roseville, California. Pursuant to its Second Amended Complaint filed on June 1, 2007 (the "Complaint"), CEC alleges that Kobra failed to complete the Landlord's Work (as defined in the Lease) in a timely manner under the Lease such that CEC was not able to open the Roseville restaurant for business until September 12, 2005, which, CEC alleges, was more than seven months later than CEC had planned in reliance on the Lease. Among other things, CEC asserts that Kobra's alleged delay caused CEC to incur additional pre-opening expenses ($39,020.00); additional construction related expenses ($46,886.40); and that it suffered lost profits ($446,519)(collectively referred to herein as "CEC's Alleged Delay Damages"). CEC also alleges that Kobra, and/or Kobra's general contractor or subcontractors, performed certain portions of the Landlord's Work out of sequence and in such a manner that caused damages to CEC's property. Among other things, CEC asserts that water and fireproof overspray caused

PDF created with pdfFactory trial version www.pdffactory.com

CEC to suffer property damages relating to the repair and replacement of damaged walls, ceiling tile and grid, wall panels, sheetrock, panel breakers and outlets, and the fire alarm system ($132,770.70); replacement of its stage ($24,152.00), carpet ($1,384.83), and doors ($8,987.66); and transportation and storage for certain furniture, fixture, and equipment components ($11,261.77)(collectively referred to herein as "CEC's Alleged Property Damages").

Pursuant to Kobra's Motion and Memorandum, Kobra seeks a summary adjudication that CEC cannot recover CEC's Alleged Delay Damages as a matter of law and asserts that CEC's remedies for delay for completion of the Landlord's Work are limited by Section 7.2 of the Lease to Additional Free Rent (as defined in Section 7.2 of the Lease). Kobra asserts that CEC elected its Section 7.2 remedy for Additional Free Rent pursuant to a Compromise, Settlement, and Partial Release Agreement effective as of June 25, 2007 entered into between CEC and Kobra (the "Partial Settlement Agreement"), and that CEC's Alleged Delay Damages are therefore barred by Section 7.2 of the Lease and the Partial Settlement Agreement. Pursuant to Kobra's Motion and Memorandum, Kobra also seeks a summary adjudication that CEC cannot recover CEC's Alleged Property Damages as a matter of law on the basis that Section 14 of the Lease constitutes a wavier and release of CEC's Alleged Property Damages.

Kobra asserts in its Memorandum that its Motion presents "two purely legal issues."[1] In its Memorandum, CEC disagrees with Kobra's interpretation of the Lease and Partial Settlement Agreement, or, alternatively, asserts that there are genuine issues of material fact.[2] The Court agrees with Kobra that Kobra's Motion presents purely legal issues. However, the Court disagrees with Kobra's interpretation of the Lease and Partial Settlement Agreement.

---

[1]  Kobra's Memorandum, p. 1.
[2]  CEC's Memorandum, p. 5.

ORDER REGARDING KOBRA PROPERTIES' MOTION FOR SUMMARY ADJUDICATION– Page 3

PDF created with pdfFactory trial version www.pdffactory.com

In a contract dispute, summary judgment is appropriate when the contract terms are clear and unambiguous, even if the parties disagree as to their meaning. *United Brotherhood of Carpenters and Joiners of America, Lathers Local 42-L v. United Brotherhood of Carpenters and Joiners of America*, 73 F.3d 958, 961 (9th Cir. 1996); *Waterbury v. T.G.&Y. Stores Co.*, 820 F.2d 1479, 1481 (9th Cir. 1987). The interpretation of a contract, including whether it is ambiguous, is a question of law. *Beck Park Apartments v. U.S. Dep't. of Housing and Urban Dev.*, 695 F.2d 366, 369 (9th Cir. 1982); *U.S. v. Sacramento Municipal Utility District*, 652 F.2d 1341, 1343-1344 (9th Cir. 1981).

*1.     CEC's Alleged Delay Damages*

The Court finds that the Lease and the Partial Settlement Agreement, when read with other provisions therein as a whole, are not ambiguous regarding the remedies available to CEC regarding CEC's Alleged Delay Damages. As such, the Court may interpret the Lease and Partial Settlement Agreement regarding such remedies as a matter of law.

Kobra asserts that CEC elected its remedy under 7.2 of the Lease, that CEC released Kobra from any claims regarding Additional Free Rent under the Partial Settlement Agreement, and that CEC therefore released and waived any rights to seek any further remedies for delay, including CEC's Alleged Delay Damages. In its Reply, Kobra frames the issue as "[w]hether CEC's release of Kobra for claims under section 7.2 of the Lease operates to release CEC's claims for delay against Kobra."[3]

The Court finds that paragraph 7 of the Partial Settlement Agreement specifically carves out from the scope of CEC's release of Kobra therein any claims for CEC's Alleged Delay Damages. The Court finds that the Lease does not limit CEC's remedies against Kobra for

---

[3] Kobra's Reply, p. 3.

PDF created with pdfFactory trial version www.pdffactory.com

untimely completion of the Landlord's Work solely to those remedies referenced in Section 7.2 of the Lease. Therefore, the Court finds that CEC's Alleged Delay Damages are not waived or released by the Partial Settlement Agreement as a matter of law.

The Court further finds that Section 7.2 of the Lease, when read in conjunction with Section 28.1 and other provisions of the Lease, does not bar CEC's Alleged Delay Damages as a matter of law.

The Court hereby ORDERS that Kobra's motion for summary adjudication regarding CEC's Alleged Delay Damages is DENIED.

*2.   CEC's Alleged Property Damages*

The Court finds that Section 14 of the Lease, when read with the other provisions of the Lease as a whole, is not ambiguous regarding whether CEC's Alleged Property Damages are waived or released pursuant to Section 14. As such, the Court may interpret the Lease regarding such issue as a matter of law.

In its Reply, Kobra frames the issue as "[w]hether CEC's release and waive[r] [of] damage claims against Kobra prohibits CEC from making claims for property damage."[4] In that regard, Kobra asserts that Section 12.4 of the Lease requires CEC to obtain certain insurance regarding property damage during the construction phase of the restaurant. Kobra further asserts that Section 14 of the Lease constitutes a waiver and release of claims by CEC against Kobra for CEC's Alleged Property Damages and requires CEC to look solely to its insurance carrier for coverage regarding CEC's Alleged Property Damages.

---

[4]  Kobra's Reply, p. 3.

PDF created with pdfFactory trial version www.pdffactory.com

The Court finds that it is undisputed that CEC's Alleged Property Damages arose during the construction phase of the restaurant and prior to the Term (as defined therein) of the Lease.[5]

The Court finds that the "public liability insurance" referenced in Section 12.4 of the Lease is a different type of insurance than the "fire and extended insurance coverage policies" referenced in Section 14 of the Lease.

The Court finds that Section 14 of the Lease does not waive or release CEC's Alleged Property Damages as a matter of law.

The Court hereby ORDERS that Kobra's motion for summary adjudication regarding CEC's Alleged Property Damages is DENIED.

3.  *Sua Sponte Summary Adjudication in Favor of CEC*

The Court may grant summary adjudication in favor of the non-moving party sua sponte where there is no genuine dispute respecting a material fact and the moving party against whom summary adjudication is to be rendered has "had a full and fair opportunity to ventilate the issues involved in the motion."  *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311-312 (9th Cir. 1982)(affirming sua sponte summary judgment in favor of IRS after denying taxpayer's motion for summary judgment on claim that notice of deficiency was untimely).

The Court finds that there is no genuine issue as to any material fact regarding whether the Partial Settlement Agreement and Section 7.2 of the Lease waive, release, or bar CEC's Alleged Delay Damages.  The Court further finds that there is no genuine issue as to any material fact regarding whether CEC's Alleged Property Damages are waived or released pursuant to Section 14 of the Lease.

---

[5]  Kobra asserts that "the alleged property damage occurred between March and June 2005."  Kobra's Reply, p. 10.

**ORDER REGARDING KOBRA PROPERTIES' MOTION FOR SUMMARY ADJUDICATION– Page 6**

PDF created with pdfFactory trial version www.pdffactory.com

The Court further finds that Kobra, as the original moving party who requested the Court to construe certain provisions of the Lease and the Partial Settlement Agreement regarding CEC's Alleged Delay Damages and CEC's Alleged Property Damages, has had a full and fair opportunity to ventilate the issues involved in its motion.  Kobra has filed an extensive Memorandum and Reply, has had an opportunity for oral argument, and has requested the Court to construe certain provisions of the Lease and the Partial Settlement Agreement as a matter of law.[6]

The Court hereby ORDERS that sua sponte summary adjudication is GRANTED in favor of CEC as follows:

(1) CEC's Alleged Delay Damages are not waived, released, or barred by Section 7.2 of the Lease or the Partial Settlement Agreement as a matter of law; and

(2) CEC's Alleged Property Damages are not waived or released by Section 14 of the Lease as a matter of law.

*Waterbury v. T.G.&Y. Stores Co.*, 820 F.2d 1479, 1481 (9th Cir. 1987)(affirming district court's sua sponte summary judgment in favor of tenant after district court denied landlord's motion for summary judgment regarding interpretation of unambiguous terms of lease)(citing *Cool Fuel*).

IT IS SO ORDERD.

Dated October 24, 2008.          /s/ John A. Mendez
                                 HON. JOHN A. MENDEZ,
                                 UNITED STATES DISTRICT JUDGE

---

[6] Kobra asserts that its Motion presents "two purely legal issues" (Kobra's Memorandum, p. 1) and that the Lease is unambiguous regarding these issues (Kobra's Reply, p. 3).

PDF created with pdfFactory trial version www.pdffactory.com

**APPROVED AS TO FORM:**

/s/ Boyd A. Mouse
Michael A. Logan
State Bar No. 12497500
Boyd A. Mouse
State Bar No. 24003949
**KANE RUSSELL COLEMAN & LOGAN PC**
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas  75201
Telephone:     214.777.4200
Facsimile:      214.777.4299
*Admitted Pro Hac Vice*

Jack A. Klauschie Jr.
California Bar No. 94029
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 American River Drive
Sacramento, California  95864
Telephone:     916.978.3434
Facsimile:      916.978.3430

*Counsel for CEC Entertainment, Inc.*


/s/ Patrick T. Markham                          *** Approved as to form as to Pages 1 through*
Patrick T. Markham                               *the first half of Page 6 only.  Not approved as*
State Bar No. 114542                             *to the section entitled Sua Sponte Summary*
Jacobson Markham, L.L.P.                         *Adjudication in Favor of CEC .*
8950 Cal Center Drive, Suite 210
Sacramento, CA  95826
*Counsel for Stonegate Construction, Inc. and*
*Kobra Properties*

PDF created with pdfFactory trial version www.pdffactory.com