IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEC ENTERTAINMENT, INC.,

    Plaintiff,

  v.

KOBRA PROPERTIES and STONEGATE CONSTRUCTION, INC.,

    Defendants.
_____/

No. 2:06-cv-639 JAM EFB

ORDER GRANTING KODIAK'S MOTION FOR SUMMARY JUDGMENT AND DENYING STONEGATE'S MOTION FOR SUMMARY ADJUDICATION

    CEC Entertainment, Inc. ("CEC") brought this action against Kobra Properties ("Kobra") and Stonegate Construction, Inc. ("Stonegate") for breach of contract, declaratory relief, and negligence arising from construction of a commercial property. Kobra and Stonegate filed a third-party complaint against Kodiak Roofing and Waterproofing Co. ("Kodiak") along with other parties.  Only the following claims were brought against Kodiak: comparative negligence, equitable indemnity, breach of contract, contribution, duty to defend, and indemnity.  Kodiak moved for summary judgment on all claims.  Stonegate and Kobra opposed the motion.  Stonegate also moved for summary adjudication on its

claim that Kodiak had a duty to defend. Kodiak opposed the motion. This Court heard argument on both motions on October 15, 2008. For the reasons stated below, Kodiak's motion is GRANTED and Stonegate's motion is DENIED.

BACKGROUND

CEC and Kobra entered into a contract to construct a commercial building in Roseville, California. Stonegate Statement of Undisputed Facts ("Stonegate SUF") ¶ 2. Kobra engaged Stonegate as the general contractor to construct the building shell. Id. ¶ 4. Stonegate then contracted with Kodiak to install the roof membrane. Id. ¶ 5. The parties later amended the contract to include sealing and waterproofing any penetrations to the roof membrane as part of Kodiak's scope of work. Id. ¶ 6. However, the parties agreed that "any such work scope must be clearly defined with a general estimate of the deductive or added cost, or may be based on an approved stipulated sum to complete the work." Kodiak Statement of Undisputed Facts ("Kodiak SUF") ¶ 2. Furthermore, Stonegate agreed to pay Kodiak "for the satisfactory completion of Subcontractor's Work in monthly payments of ninety percent (90%) of the work performed in any preceding month, in accordance with estimates prepared by the Subcontractor and approved by the Contractor." Id. ¶ 3.

Kodiak also agreed in Section 11.1 of the contract to indemnify Stonegate from:

> any and all claims, demands, causes of action, damages, costs, expenses, actual attorneys' fees, losses or liability, in law or in equity, of every kind and nature whatsoever ("Claims") arising out of or in connection with Subcontractor's operations to be performed under this contract….

Vitton Decl. Ex. 1.  Kodiak further agreed that it would defend all Claims as defined in section 11.1.  Id.

By January 25, 2005, Kodiak had installed the roof system on the property.  Kodiak SUF ¶ 7.  After the roof system was installed, Stonegate, CEC's contractor Parkway Construction ("Parkway"), and/or other subcontractors made penetrations to the roof to provide for pipes, equipment, or other structures to be incorporated into the building.  Id. ¶ 10.  Kodiak was not contacted before the penetrations were made.  Id. ¶ 12.

On June 1, 2007, CEC filed its Second Amended Complaint against Stonegate and Kobra.  Docket at 45.  In its complaint, CEC alleged that:

> Among other things, the stage, carpets, interior trim, lighting, and drop ceiling and ceiling tiles that had been installed by CEC were either damaged or destroyed by roof leaks and/or the subsequent spray-on fireproofing that Kobra and/or Stonegate belatedly applied to the interior structure and roof deck.

Second Amended Complaint ¶ 35.  On June 22, 2007, Stonegate and Kobra filed their Amended Third Party Complaint, naming, among others, Kodiak.  Docket at 50.  On September 3, 2008, Kodiak

moved for summary judgment and Stonegate moved for summary adjudication on Kodiak's duty to defend.  Docket at 104, 109.

OPINION

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will have the burden of proof on an issue at trial, the movant's burden may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. See id. at 325. Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to its case, and on which [he] will bear the burden of proof at trial.  Id. at 322.

If the moving party sustains its burden, the burden then shifts to the nonmoving party to go beyond the pleadings and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. See Celotex, 477 U.S. at 324 (citing Fed.R.Civ.P. 56(e)).  "If the

4

nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1103 (9th Cir. 2000). Summary judgment is appropriate if, viewing the evidence and the inferences therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).

    Stonegate's claims can be divided into two main categories. Stonegate's claims for comparative negligence, equitable indemnity, and contribution require that Kodiak be found to be negligent. Stonegate's claims for breach of contract, duty to defend, and indemnification, on the other hand, require a showing that Kodiak breached its contract.

I. Negligence

    Stonegate's claims for comparative negligence, equitable indemnity, and contribution all require an underlying finding of negligence by Kodiak. Stonegate has failed to demonstrate that there is a genuine issue of material fact regarding Kodiak's negligence. Stonegate relies on several pieces of evidence to establish that Kodiak was negligent: 1. roof leaks identified by Rudy Benitez, 2. Ray Woll's February 4, 2005 letter, 3. Ray

Woll's March 2, 2005 letter, 4. statements regarding a leaking seam.  Stonegate also submits a "leak chronology" prepared by counsel.  However, the chronology relies on documents that have not been authenticated and thus cannot be considered by this Court.

*Statements of Rudy Benitez*

Stonegate relies on daily logs prepared by Parkway's superintendent Rudy Benitez that indicate that the roof was leaking and running into Parkway's work.  He also noted that although Kodiak repaired the roof, the leaks continued.  Markham Decl. Ex. 10 at Ex. 31.  However, Mr. Benitez admitted that he could not determine whether the water he observed was a result of a roof leak or condensation from the drying process of fireproof spray.  O'Connor Decl. Ex. G at 173:4-174:19.  Furthermore, Mr. Benitez does not claim that there were any specific acts of negligence by Kodiak.  Therefore, Mr. Benitez's statement that there were roof leaks without anything more does not create a genuine issue of material fact regarding Kodiak's negligence.

*Ray Woll Letter- February 4, 2005*

Stonegate also relies on a letter by Parkway Construction employee Ray Woll to Jeffrey Wohead to indicate that there were roof leaks.  Markham Decl. Ex. 9 at Ex. 63.  Although the letter does indicate that there were roof leaks and that the roofer was

working on the problem, it also indicates that the leaks were due to penetrations. Id. Nothing in Mr. Woll's February 4, 2005 letter indicates that Kodiak was negligent or had caused the roof leaks.

*Ray Woll Letter- March 2, 2005*

Stonegate relies on a statement by Ray Woll in a letter to Jeffrey Wohead dated March 2, 2005 that "We had more leaks since the roofer 'repaired it' than we had before. It came through everywhere." Markham Decl. Ex. 9 at Ex. 71. Again, Woll's statement does not indicate whether the leaks resulted from Kodiak's work or from penetrations. In fact, the letter does not give any indication of the cause of the leaks. The March 2, 2005 does not demonstrate that Kodiak was negligent.

*Statements Regarding Leaking Seam*

Finally, Stonegate relies on the statement of Stonegate's project superintendent Rick Mitchell that one of the roof seams was causing water leaks. Markham Decl. Ex. 13 at 117:5-6. However, in the same deposition, Mr. Mitchell admits that it was the fry reglet that had caused the leak. O'Connor Decl. Ex. L at 252:23-24, 254:11-14, 258:21-25, 303:24-25. Kodiak was not responsible for installing the fry reglets. Nash Decl. Ex. A. Thus, Mr. Mitchell's statement that the roof leaked at the seam does not demonstrate that Kodiak was negligent.

Because Stonegate has failed to provide evidence sufficient to create a genuine issue of material fact as to whether Kodiak was negligent, summary judgment is appropriate on Stonegate's claims for comparative negligence, equitable indemnity, and contribution.

II. Breach of Contract

For the breach of contract claims, the parties do not dispute any of the relevant facts.  The only question before the Court is whether, under the terms of the contract, Kodiak had a duty to defend and/or indemnify Stonegate.[1]

Both parties concede that under the California Supreme Court's decision in Crawford v. Weather Shield Mfg. Inc., 44 Cal.4th 541 (2008), the duty to defend can be triggered even if the party is not ultimately found to be negligent.  However, Kodiak argues that because CEC did not allege that it was responsible for the roof leaks in its complaint, the duty to defend was never triggered.

For the duty to defend to be triggered, a plaintiff must "allege facts that would give rise to a duty of indemnity." Crawford, 44 Cal.4th at 557.  Under the terms of the contract, Kodiak only had a duty to indemnify claims, "arising out of or

---

[1] Stonegate also brings a breach of contract based on Kodiak's duty to protect other trades' work.  Because the Court finds that Kodiak was not responsible for the roof leaks, it also finds that Kodiak did not violate this duty.

8

in connection with Subcontractor's operations to be performed under this contract."

Stonegate argues that CEC's allegation that there were "roof leaks," necessarily implicated the work of Kodiak Roofing, triggering the duty to defend.  However, the mere allegation that the roof leaked is not equivalent to an allegation that the leaks arose from Kodiak's operations.  In <u>St. Paul Fire & Marine Ins. Co. v. American Dynasty Surplus Lines Ins. Co.</u>, 101 Cal.App.4th 1038, 1052-1053 (Cal.App.2d Dist. 2002), a California court noted that there must be a causal relationship between the act of the subcontractor and the harm from which a party seeks indemnity:

> Sasco expressly undertook no duty to indemnify ARB except for a liability that arose from an "act or omission" by Sasco during the performance of the work called for by the Subcontract. Such language can have no other meaning or purpose than to limit the scope of Sasco's indemnity to injuries occurring in circumstances over which it has at least some control and where it is engaged in activity that is causally related in some manner to the injury for which indemnity is claimed.

Even in <u>Crawford</u>, the case relied upon by Stonegate, the California Supreme Court noted that the subcontractor only had a duty to defend, "insofar as that suit was 'founded upon' claims *alleging* damage or loss arising from [Subcontractor]'s negligent role in the [construction project]."  44 Cal.4th at 553 (emphasis in original).

Similarly, in this case, Kodiak only agreed to indemnify Stonegate for claims arising from its own operations. CEC did not allege that there was a causal relationship between Kodiak's actions and the roof leaks. In fact, both parties concede that the roof was punctured numerous times after its installation by Kodiak. The mere allegation that the roof leaked without any allegation of a causal relationship with Kodiak's installation is not enough to trigger the duty to defend or indemnify. Accordingly, Stonegate's claims for breach of contract, duty to defend, and indemnity do not survive summary judgment.

Section 16.4 of the contract between the parties provides for attorneys' fees. Vitton Decl. Ex. 1. Kodiak may file a cost bill and a motion for attorneys' fees pursuant to E.D. Cal. L.R. 54-292 and 54-293.

ORDER

For the reasons stated above, Kodiak's Motion for Summary Judgment is GRANTED. Stonegate's Motion for Summary Adjudication is DENIED. Kodiak may file a cost bill and a motion for attorneys' fees pursuant to E.D. Cal. L.R. 54-292 and 54-293.

IT IS SO ORDERED.

Dated: October 24, 2008

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE